## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NKUMA UCHE, | ) | CASE NO. 4:09CV3106 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTH STAR CAPITAL | ) | MEMORANDUM |
| ACQUSITION, LLC, KIRK E. | ) | AND ORDER |
| BRUMBAUGH, MARK QUANDAHL, | ) | |
| KARL VON OLDENBERG, SARA | ) | |
| MILLER, and CORY ROONEY, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NKUMA UCHE, | ) | CASE NO. 4:09CV3123 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRUMBAUGH & QUANDAHL, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

These matters are before the court on Plaintiff's Motions to Compel Discovery. (Case No. 4:09CV3106, Filing Nos. 127, 128, and 129; Case No. 4:09CV3123, Filing Nos. 60, 61, and 62.) As set forth below, the Motions to Compel are granted in part and denied in part.

In his Motions to Compel,[1] Plaintiff requests that all Defendants in these two matters "provide full and complete responses" to his outstanding interrogatories and requests for

---

[1]Although filed as six separate documents, the Motions to Compel are nearly identical in substance, but are directed to each Defendant.

admission.[2]   (Case No. 4:09CV3106, Filing Nos. 127, 128, and 129; Case No. 4:09CV3123, Filing Nos. 60, 61, and 62.)  Defendants filed an Objection to the Motions to Compel, stating that they have fully responded to Plaintiff's initial discovery requests. However, Defendants state that they objected to many of the discovery requests on the basis that Plaintiff's requests far exceeded the limitations on discovery set forth in the Federal Rules of Civil Procedure, and Plaintiff has not obtained leave of the court to exceed those limitations.  (Case No. 4:09CV3106, Filing No. 130 at CM/ECF p. 1; Case No. 4:09CV3123, Filing No. 63 at CM/ECF p. 1.)

Defendants are correct that Plaintiff has not been granted leave to exceed 25 interrogatories, the maximum number of interrogatories under Federal Rule of Civil Procedure 33 which may be served on each party.[3]  Thus, the Motions to Compel are denied with respect to the outstanding interrogatories.  However, in the event that Plaintiff later seeks, and is granted, leave to exceed 25 interrogatories per party, Defendants may be required to respond.  As to the remainder of Plaintiff's Motions to Compel, the Federal Rules of Civil Procedure and the court's Local Rules do not place a limit on the number of requests for admission a party may serve.  Fed. R. Civ. P. 36; NECivR 36.1.  As such, Defendants must respond to the requests for admission by the deadline set forth below.

The court has carefully reviewed the record in both of these matters.  Plaintiff has

---

[2]Plaintiff does not seek relief regarding any of his requests for the production of documents, and the court therefore assumes that those requests are not the subject of the pending Motions to Compel.

[3]Plaintiff previously submitted at least one request to exceed the number of interrogatories, but the court denied that request without prejudice to reassertion after Defendants filed an answer.  (Case No. 4:09CV3106, Filing Nos. 20 and 33; Case No. 4:09CV3123, Filing Nos. 6 and 10.)

propounded hundreds of requests for documents, requests for admission, and interrogatories to Defendants. Plaintiff claims that he sent two letters to Defendants attempting to resolve Defendants' objections to the propounded discovery, but Defendants claim they did not receive those letters. (Case No. 4:09CV3106, Filing No. 127 at CM/ECF p. 2.) Thus, it is unclear whether the parties have met their obligations to confer in good faith before bringing their discovery disputes to the court, as required by Federal Rule of Civil Procedure 37. In the event that additional discovery disputes arise in these matters, the parties are cautioned that they may not file a motion to compel without first conferring in accordance with Rule 37 and the court's Local Rules. In addition, because of the numerous discovery requests in this matter, any future motion to compel **must** include: the specific discovery request at issue (including filing number and request number), evidence regarding the attempts to resolve the discovery dispute, and a detailed explanation regarding why the discovery is permitted under the Federal Rules of Civil Procedure and this court's Local Rules.[4]

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Motions to Compel (Case No. 4:09CV3106, Filing Nos. 127, 128, and 129; Case No. 4:09CV3123, Filing Nos. 60, 61, and 62) are granted in part and denied in part, as set forth in this Memorandum and Order. Defendants' Objection to the Motions to Compel (Case No. 4:09CV3106, Filing No. 130; Case No. 4:09CV3123, Filing No. 63) are granted in part and denied in part, also as set forth in this Memorandum and Order;

2.    Defendants shall have until **June 21, 2010**, in which to respond to all requests for admission to which they previously objected on the basis that

---

[4]Stated another way, the court will not entertain motions to compel unless a party gives a detailed explanation regarding how the requested discovery "is relevant to any party's claim or defense" and "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

3

Plaintiff exceeded the number of requests permitted.  Defendants are not required to respond to any additional interrogatories at this time; and

3.    Plaintiff's Motions to Make Corrections and Objection (Case No. 4:09CV3106, Filing No. 134; Case No. 4:09CV3123, Filing No. 65) are denied.

DATED this 21st day of May, 2010.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4